IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGGIE PERKINS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CONTRA COSTA COUNTY SHERIFF'S<br>DEPARTMENT J-TEAM, ET AL.,<br><br>　　　　Defendants. | No. C 07-2013 CW (PR)<br><br>ORDER GRANTING LEAVE TO<br>PROCEED IN FORMA PAUPERIS<br>AND DISMISSING COMPLAINT<br>WITH LEAVE TO AMEND<br><br>(Docket no. 2) |

FILED

NOV 1 4 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

INTRODUCTION

Plaintiff Reggie Perkins, an inmate in the Contra Costa County Detention Facility, filed this civil rights action pursuant to 42 U.S.C. § 1983 against officers of the Contra Costa County Sheriff's Department. He seeks leave to proceed in forma pauperis. Venue is proper in this district because the acts complained of occurred in Contra Costa County, which is located in this district. 28 U.S.C. § 1391(b).

BACKGROUND

The following factual summary is based on the allegations in Plaintiff's complaint, which are taken as true and construed in the light most favorable to Plaintiff for purposes of the Court's initial review. See 28 U.S.C. § 1915(e)(2), § 1915A; see also Parks School of Business, Inc., v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).

On October 14, 2005, Contra Costa County Sheriff's Department J-Team Supervisor Matt Malone "kick[ed] in a door" to the residence in which Plaintiff was located. Plaintiff surrendered by "laying

on [his] stomach, face down on the floor," and his arms were "stretched out in front of [him]" by two J-Team officers. Plaintiff alleges that the gun barrel of one of the two officers "was thrust[] furiously" into his back, "puncturing [his] skin and drawing blood." Plaintiff further alleges that he received a "permanent gun barrel imprint scar on [his] back," and a "tremendous amount of blows" to his head and left eye.[1]

## STANDARD OF REVIEW

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). A claim

---

[1] Plaintiff also alleges that on September 7, 2005, J-Team officers went to a residence at 3822 Chatworth in Pittsburg, California. He claims they "kicked in the front door" and searched the house "after finding the residence empty." However, Plaintiff does not allege that this incident is related to his excessive force claim or that it occurred at his residence.

2

that is totally incomprehensible may be dismissed as frivolous as it is without an arguable basis in law.  See Jackson v. Arizona, 885 F.2d 639, 641 (9th Cir. 1989).

DISCUSSION

I.  Excessive Force Claim

A claim that a law enforcement officer used excessive force in the course of an arrest or other seizure is analyzed under the Fourth Amendment reasonableness standard.  See Graham v. Connor, 490 U.S. 386, 394-95 (1989); Forrester v. City of San Diego, 25 F.3d 804, 806 (9th Cir. 1994), cert. denied, 513 U.S. 1152 (1995).  "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake."  See Graham, 490 U.S. at 396 (citations omitted).

Plaintiff alleges that during his arrest he was struck by the gun barrel of one of the J-Team officers and received "blows" to his head and left eye.  Liberally construed, Plaintiff's allegations present a cognizable claim for the use of excessive force.

II.  Proper Defendants

Plaintiff identifies Contra Costa County Sheriff Rupf, J-Team Supervisor Malone, and Deputies Westermann and Roberts as Defendants.  Plaintiff, however, does not specifically link each Defendant to the allegations of excessive force set forth in the body of his complaint.

A defendant cannot be held liable simply based on his

membership in a group without showing his individual participation in unlawful conduct. Chuman v. Wright, 76 F.3d 292, 294 (9th Cir. 1996). Either personal involvement or integral participation of each defendant in the alleged constitutional violation is required before liability may be imposed. See Jones v. Williams, 297 F.3d 930, 936 (9th Cir. 2002). Liability may be imposed on an individual defendant under section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. Leer, 844 F.2d at 633.[2] Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" acts which deprived him of protected rights. Id. at 634.

Here, Plaintiff alleges that J-Team officers used excessive force during the course of his arrest on October 14, 2005. Plaintiff cannot sue the J-Team as an entity. Therefore, his claim against the J-Team will be dismissed without prejudice to filing an amended complaint naming individual J-Team officers.

Plaintiff has not linked Defendants Malone, Rupf, Westermann

---

[2] The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. Leer, 844 F.2d at 633 (citations omitted).

4

and Roberts specifically and individually to his claim of excessive force. While Plaintiff alleges that Defendant Malone kicked in the door, Plaintiff has not claimed that this was unnecessary. Therefore, he has not stated a cognizable claim against Defendant Malone based on the allegations in his complaint. Similarly, Plaintiff does not allege that the incident involving the J-Team at 3822 Chatworth on September 7, 2005 is related to his excessive force claim or that it occurred at his residence. Therefore, Plaintiff's allegations regarding the September 7, 2005 incident do not constitute a cognizable claim.

Plaintiff is required to show each Defendant's personal involvement or integral participation in the alleged constitutional violation before liability may be imposed. Plaintiff's excessive force claim cannot proceed against the named Defendants unless Plaintiff amends his complaint to cure this pleading deficiency. Accordingly, Plaintiff's claim against all Defendants are DISMISSED with leave to amend.

III. Unknown Defendants

It may be that Plaintiff is unable to identify the members of the J-Team who allegedly engaged in the excessive force on October 14, 2005. Situations may arise where the identity of alleged defendants cannot be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities or that the complaint should be dismissed on other grounds. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); Velasquez v. Senko, 643 F. Supp. 1172, 1180 (N.D. Cal. 1986).

1   If Plaintiff is unable to state a claim against any defendant known to him he may sue them as John Doe 1 and John Doe 2.  Then he may attempt to discover their identities while this action is pending and move to amend his complaint to add them as named Defendants.  See Brass v. County of Los Angeles, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

CONCLUSION

For the foregoing reasons, the Court hereby orders as follows:

1.   Leave to proceed in forma pauperis (docket no. 2) is GRANTED.

2.   Within thirty (30) days from the date of this Order Plaintiff may file an amended complaint as set forth above.  He must use the attached civil rights form, write the case number for this action on the form (C 07-2013 CW (PR)), clearly label the complaint "Amended Complaint," and complete all sections of the form.  Plaintiff's failure to file an amended complaint will result in the dismissal of this action without prejudice.

3.   It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

4.   The Clerk of the Court shall send Plaintiff a blank civil rights form along with a copy of this Order.

5.   This Order terminates Docket no. 2.

IT IS SO ORDERED.

DATED: NOV 14 2007

CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

REGGIE PERKINS,

        Plaintiff,

v.

CONTRA COSTA COUNTY et al,

        Defendant.
_____/

Case Number: CV07-02013 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 14, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Reggie Perkins 2006023580  (with blank civil rights form)
5-A-4
5535 Giant Highway
Richmond, CA 94806

Dated: November 14, 2007

                                        Richard W. Wieking, Clerk
                                        By: Clara Pierce, Deputy Clerk