IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGGIE PERKINS,<br><br>    Plaintiff,<br><br>   v.<br><br>CONTRA COSTA COUNTY SHERIFF'S DEPARTMENT J-TEAM; SERGEANT M. MALONE, DEPUTIES K. WESTERMANN, R. ROBERTS and R. FULLER, DETECTIVE J. MOORE, A. GARIBAY and LEIU AGENT G. RENAUD,<br><br>    Defendants.<br>_____/ | No. C 07-02013 CW<br><br>ORDER FOR SERVICE OF COGNIZABLE CLAIMS AND DISMISSING NON-COGNIZABLE CLAIMS |

    Plaintiff Reggie Perkins, a state prisoner incarcerated in Contra Costa County, filed this pro se civil rights complaint alleging that officers employed by the Contra Costa County Sheriff's Department violated his Fourth Amendment rights to be free from excessive force and unreasonable searches. On November 14, 2007, the Court issued an Order Granting Leave to Proceed In Forma Pauperis and Dismissing Complaint With Leave to Amend (November 14, 2007 Order) (Docket # 4). On December 11, 2007, Plaintiff filed a First Amended Complaint (FAC) (Docket # 6).

    In the November 14, 2007 Order, the Court ruled that although

Plaintiff had alleged a cognizable claim for the use of excessive force, he had not named the individuals who used excessive force. Therefore, the Court dismissed the excessive force claim with leave to amend for Plaintiff to name each individual involved and state how each person's actions violated Plaintiff's constitutional rights. The Court noted that the complaint also alleged that sheriff's deputies had entered a residence unreasonably but had not stated that the residence was Plaintiff's nor how the incident was related to the excessive force claim.

On December 11, 2007, Plaintiff filed his FAC in which he alleges the following. On October 14, 2005, Plaintiff was in a closet hiding behind some clothes when he was ordered by one of the Contra Costa County sheriff's deputies to come out of the closet. Plaintiff came out of the closet, showing his hands, and proceeded to move forward as instructed. LEIU[1] Agent G. Renaud grabbed Plaintiff's right hand and put him on the floor. Plaintiff was on the floor, lying on his stomach with his arms stretched out in front of him. Detective J. Moore was holding Plaintiff's left arm and Agent Renaud was still holding Plaintiff's right arm. Deputy R. Fuller was standing next to the right side of Plaintiff's head. Plaintiff was lying between the legs of Sergeant M. Malone. Sergeant Malone and Deputy Fuller started hitting, bashing, clouting and smiting Plaintiff in the head, face and back. Sergeant Malone struck Plaintiff in the back with the barrel of a gun. The barrel was thrust furiously in Plaintiff's back,

---

[1] Plaintiff does not provide the words for this acronym.

puncturing his skin and drawing blood.  Plaintiff received a permanent scar from the gun barrel.  When Sergeant Malone put handcuffs on Plaintiff, he punched Plaintiff in the face five to twelve times, causing Plaintiff's face to become numb.

Plaintiff lives with his mother and step-father at 3822 Chatsworth, Pittsburgh, California.  On September 7, 2005, when the residence was unoccupied, Sergeant Malone forced his way in by kicking the front door down.  Sergeant Malone, Deputy K. Westermann and Deputy R. Roberts entered the residence looking for computers and laptops.  They searched every room in the residence, including the closets.  They pulled out personal items from dresser drawers and threw clothes and personal items on the floor.  The three officers took a photo album, five movies, mail belonging to Plaintiff, and some other items.  These items did not look like a computer or laptop.

DISCUSSION

I. Excessive Force Claim

The FAC successfully alleges an excessive force claim against Sergeant Malone and Deputy Fuller for directly using excessive force in arresting Plaintiff.  The FAC successfully alleges an excessive force claim against Agent Renaud and Detective Moore for witnessing the use of excessive force on Plaintiff and doing nothing to prevent it.

II. Unreasonable Search and Seizure

"[S]earches and seizures inside a home without a warrant are presumptively unreasonable."  Payton v. New York, 445 U.S. 573, 586 (1980).  There may be some exceptions to the warrant requirement

3

when "special needs, beyond the normal need for law enforcement, make the warrant and probable-cause requirement impracticable." New Jersey v. T.L.O., 469 U.S. 325, 351 (1985) (Blackmun, J., concurring in judgment).

The FAC alleges that Sergeant Malone, Deputy Westermann and Deputy Roberts forced their entry into Plaintiff's home and seized items without a warrant. This is sufficient to state a claim for a Fourth Amendment violation against these individuals.

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's FAC alleges a cognizable excessive force claim against Sergeant Malone, Deputy Fuller, Agent Renaud and Detective Moore.

2. Plaintiff's FAC alleges a cognizable unreasonable search and seizure claim against Sergeant Malone, Deputy Westermann and Deputy Roberts.

3. Plaintiff makes no allegations against named defendant A. Garibay; therefore, all claims against Garibay are dismissed from this action with prejudice. As stated in the Court's November 14, 2007 Order, the Contra Costa County Sheriff's Department J-Team is a group that cannot be sued in a civil rights case.

4. The Clerk of the Court shall mail to Sergeant Malone, Deputy Fuller, Agent Renaud, Detective Moore, Deputy Westermann and Deputy Roberts a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint (Docket #1) and the amended complaint (Docket #6), and all attachments thereto, and a copy of this Order.

The Clerk shall also mail copies of these documents to the Contra Costa County Counsel. In addition, the Clerk shall serve a copy of this Order on Plaintiff.

5. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if any Defendant, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fails to do so, said Defendant will be required to bear the cost of such service unless good cause be shown for his failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendant had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before sixty (60) days from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.

6. In order to expedite the resolution of this case, the Court orders as follows:

    a. Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. In addition, no later than ninety (90) days from the date of this Order, Defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and

shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than sixty (60) days after the date on which Defendants' motion is filed. The Ninth Circuit has held that the following notice regarding summary judgment motions should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.

Ct. 2548, 91 L. Ed. 2d 265 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce <u>evidence</u> in support of those allegations when he files his opposition to Defendants' dispositive motion.  Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration.  Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

     c.  If Defendants wish to file a reply brief, they shall do so no later than thirty (30) days after the date Plaintiff's opposition is filed.

     d.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

   7.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  Leave of Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

   8.  All communications by Plaintiff with the Court must be served on Defendants, or their counsel once counsel has been designated, by mailing a true copy of the document to Defendants or their counsel.

   9.  It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and

must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time are not favored, though reasonable extensions will be granted. However, the party making a motion for an extension of time is not relieved from his or her duty to comply with the deadlines set by the Court merely by having made a motion for an extension of time. The party making the motion must still meet the deadlines set by the Court until an order addressing the motion for an extension of time is issued. Any motion for an extension of time must be filed no later than fifteen days prior to the deadline sought to be extended.

IT IS SO ORDERED.

Dated: 1/15/08

CLAUDIA WILKEN
United States District Judge

8

|   |   |
|---|---|
| UNITED STATES DISTRICT COURT | |
| FOR THE | |
| NORTHERN DISTRICT OF CALIFORNIA | |

REGGIE PERKINS,

        Plaintiff,

  v.

CONTRA COSTA COUNTY et al,

        Defendant.

Case Number: CV07-02013 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 15, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Reggie Perkins
2006023580 - 70106249
5-A-4
5535 Giant Highway
Richmond, CA 94806

Dated: January 15, 2008

        Richard W. Wieking, Clerk
        By: Sheilah Cahill, Deputy Clerk