```
                 IN THE UNITED STATES DISTRICT COURT

                FOR THE NORTHERN DISTRICT OF CALIFORNIA
```

| | |
|---|---|
| REGGIE PERKINS, | No. C 07-02013 CW (PR) |
| Plaintiff, | ORDER APPOINTING COUNSEL AND SETTING TRIAL DATE |
| v. | |
| CONTRA COSTA COUNTY SHERIFF'S DEPARTMENT J-TEAM, et al., | |
| Defendants. | |

The Court having determined that it would be beneficial to have counsel assist Plaintiff in this matter and volunteer counsel willing to be appointed to represent Plaintiff having been located by the Court,

IT IS HEREBY ORDERED THAT Paven Malhotra, Esq. (SBN 258429) and Asim M. Bhansali, Esq. (SBN 194925) of Keker & Van Nest LLP, are appointed as counsel for Plaintiff in this matter pursuant to 28 U.S.C. § 1915(e)(1) and the Court's Federal Pro Bono Project guidelines.

The Clerk of the Court shall send a copy of this Order to Plaintiff's counsel at Keker & Van Nest LLP, 710 Sansome Street, San Francisco, California 94111. The Clerk of the Court shall also send a copy of this Order to Plaintiff, and to Defendants' counsel.

IT IS FURTHER ORDERED THAT the trial date previously set for December 14, 2009, is continued to June 7, 2010 at 8:30 a.m. A pretrial conference will be held on May 11, 2010, at 2:00 p.m. Counsel shall comply with the attached Order for Pretrial Preparation. A case management conference is set for Tuesday, April 6, 2010 at 2:00 PM in Courtroom 2, Fourth Floor, 1301 Clay Street, Oakland, California. The parties shall meet and confer

prior to the conference and shall prepare a joint Case Management Statement which shall be filed no later than one (1) week prior to the Case Management Conference that complies with the Standing Order for All Judges of the Northern District of California and the Standing Order of this Court.

In light of the appointment of counsel, Plaintiff's pending motions (docket nos. 57, 58, 64, 71) are DENIED WITHOUT PREJUDICE to refiling by counsel if counsel deems it advisable.

This Order terminates Docket nos. 57, 58, 64 and 71.

IT IS SO ORDERED.

DATED: 1/11/10

CLAUDIA WILKEN
United States District Judge

ORDER FOR PRETRIAL PREPARATION

PRETRIAL CONFERENCE

1. Not less than 30 days prior to the pretrial conference, counsel shall **exchange** (but not file or lodge) the papers described in Civil L.R. 16-10(b)(7),(8),(9), and (10), and their motions in limine.

2. At least 20 days before the final pretrial conference, lead counsel who will try the case shall meet and confer with respect to:

> (a) Preparation and content of the joint pretrial conference statement;
>
> (b) Resolution of any differences between the parties regarding the preparation and content of the joint pretrial conference statement and the preparation and exchange of pretrial materials to be served and lodged pursuant to this Order for Pretrial Preparation. To the extent such differences are not resolved, parties will present the issues in the pretrial conference statement so that the judge may rule on the matter during the pretrial conference; and
>
> (c) Settlement of the action.

3. Not less than 10 days prior to the pretrial conference, counsel shall submit the following.

> (a) Pretrial Conference Statement. The parties shall file a joint pretrial conference statement containing the following information:
>
> > (1) The Action.
> >
> > (A) Substance of the Action. A brief description of the substance of claims and defenses which remain to be decided.
> >
> > (B) Relief Prayed. A detailed statement of all the relief claimed, particularly itemizing all elements of damages claimed.
> >
> > (2) The Factual Basis of the Action.
> >
> > (A) Undisputed Facts. A plain and concise statement of all relevant facts not reasonably disputed.

3

(B) Disputed Factual Issues.  A plain and concise statement of all disputed factual issues which remain to be decided.

(C) Agreed Statement.  A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.

(D) Stipulations.  A statement of stipulations requested or proposed for pretrial or trial purposes.

(3) Disputed Legal Issues.  Without extended legal argument, a concise statement of each disputed point of law concerning liability or relief.

(4) Further Discovery or Motions.  A statement of all remaining discovery or motions.

(5) Trial Alternatives and Options.

(A) Settlement Discussion.  A statement summarizing the status of settlement negotiations and indicating whether further negotiations are likely to be productive.

(B) Consent to Trial Before a Magistrate Judge.  A statement whether the parties consent to a court or jury trial before a magistrate judge, with appeal directly to the Ninth Circuit.

(C) Bifurcation, Separate Trial of Issues.  A statement of whether bifurcation or a separate trial of specific issues is feasible and desired.

(6) Miscellaneous.  Any other subjects relevant to the trial of the action, or material to its just, speedy and inexpensive determination.

(b) Exhibit List and Objections.  The exhibit list shall list each proposed exhibit by its number (see Civil L.R. 30-2(b)), description, and sponsoring witness, followed by blanks to accommodate the date on which it is marked for identification and the date on which it is admitted into evidence.  **No party shall be permitted to offer any exhibit in its case-in-chief that is not disclosed in its exhibit list without leave of the Court for good**

4

**cause shown.** Parties shall also deliver a set of premarked exhibits to the Courtroom Deputy. The exhibit markers shall each contain the name and number of the case, the number of the exhibit, and blanks to accommodate the date admitted and the Deputy Clerk's initials. (Appropriate sample forms are available on the Court's website at www.cand.uscourts.gov). Any objections to exhibits which remain after the pretrial meeting shall be indicated in the pretrial statement.

(c) Witness List. In addition to the requirements of FRCivP 26(a)(3)(A), a brief statement describing the substance of the testimony to be given by each witness who may be called at trial. **No party shall be permitted to call any witness in its case-in-chief that is not disclosed in its pretrial statement without leave of Court for good cause shown.**

(d) Use of Discovery Responses. In addition to the requirements of FRCivP 26(a)(3)(B), a designation of any excerpts from interrogatory answers or from responses for admissions intended to be offered at trial. Counsel shall indicate any objections to use of these materials and that counsel have conferred respecting such objections.

(e) Trial briefs. Briefs on all significant disputed issues of law, including foreseeable procedural and evidentiary issues, which remain after the pretrial meeting.

(f) Motions in Limine. Any motions in limine that could not be settled at the pretrial meeting shall be filed with the pretrial statement. All motions in limine shall be contained within one document, limited to 25 pages pursuant to Civil L.R. 7-2(b), with each motion listed as a subheading. Opposition to the

5

motions in limine shall be contained within one document, limited to 25 pages, with corresponding subheadings, and filed five (5) days thereafter.

(g) Joint Proposed Voir Dire. The attached voir dire questionnaire will be given to the venire members, and copies of the responses will be made available to counsel at the beginning of voir dire. Counsel may submit a set of additional requested voir dire, to be posed by the Court, to which they have agreed at the pretrial meeting. Any voir dire questions on which counsel cannot agree shall be submitted separately. Counsel may be allowed brief follow-up voir dire after the Court's questioning.

(h) Joint Proposed Jury Instructions. As applicable, jury instructions §1.1A, §1.1C, §1.2 through §1.17, §1.19, §2.1 through §2.13, §3.1 through §3.3 from the Manual of Model Civil Jury Instructions for the Ninth Circuit (2007 Edition) will be given absent objection. Counsel shall jointly submit one set of additional proposed jury instructions, to which they have agreed at the pretrial meeting. The instructions shall be ordered in a logical sequence, together with a table of contents. Any instruction on which counsel cannot agree shall be marked as "disputed," and shall be included within the jointly submitted instructions and accompanying table of contents, in the place where the party proposing the instruction believes it should be given. Argument and authority for and against each disputed instruction shall be included as part of the joint submission, on separate sheets directly following the disputed instruction. Whenever possible, counsel shall deliver to the Courtroom Deputy a copy of their joint proposed jury instructions on a computer disk

in WordPerfect or ASCII format.  The disk label should include the name of the parties, the case number and a description of the document.

        (i)  Proposed Verdict Forms, Joint or Separate.

        (j)  Proposed Findings of Fact and Conclusions of Law (Court Trial only).  Whenever possible, counsel shall deliver to the Courtroom Deputy a copy of their proposed findings of fact and conclusions of law on a computer disk in WordPerfect or ASCII format. The disk label should include the name of the parties, the case number and a description of the document.

JURY SELECTION

The Jury Commissioner will summon 20 to 25 prospective jurors. The Courtroom Deputy will select their names at random and seat them in the courtroom in the order in which their names are called.

Voir dire will be asked of sufficient venire persons so that eight (or more for a lengthy trial) will remain after all peremptory challenges and an anticipated number of hardship dismissals and cause challenges have been made.

The Court will then take cause challenges, and discuss hardship claims from the individual jurors, outside the presence of the venire.  The Court will inform the attorneys which hardship claims and cause challenges will be granted, but will not announce those dismissals until the process is completed.  Each side may then list in writing up to three peremptory challenges.  The attorneys will review each other's lists and then submit them to the Courtroom Deputy.

Then, from the list of jurors in numerical order, the Court will strike the persons with meritorious hardships, those excused

7

for cause, and those challenged peremptorily, and call the first eight people in numerical sequence remaining. Those people will be the jury.

All jurors remaining at the close of the case will deliberate. There are no alternates.

<u>SANCTIONS</u>

Failure to comply with this Order is cause for sanctions under Federal Rule of Civil Procedure 16(f).

IT IS SO ORDERED.

Dated: _____    _____
                                CLAUDIA WILKEN
                                UNITED STATES DISTRICT JUDGE

<u>JUROR QUESTIONNAIRE</u>

Please fill out this form as completely as possible and print clearly. Since we want to make copies for the attorneys and the Court, do not write on the back of any page. If you need more room, continue at the bottom of the page. Thank you for your cooperation.

1. Your name: _____

2. Your age: _____

3. The city where you live: _____

   How long have you lived there: _____

4. Your place of birth: _____

5. Do you rent or own your own home? _____

6. Your marital status: (circle one)

   single    married    live with partner    separated    divorced    widowed

7. What is your occupation, and how long have you worked in it? (If you are retired, please describe your main occupation when you were working).

   _____

   _____

8. Who is (or was) your employer?

   _____

9. How long have you worked for this employer? _____

10. Please list the occupations of any adults with whom you live.

    _____

11. If you have children, please list their ages and sex and, if they are employed, please give their occupations.

    _____

    _____

    _____

12. Please describe your educational background:

```
     Highest grade completed: _____
     College and/or vocational schools you have attended:
_____
_____
_____
     Major areas of study:_____
13.  Have you ever served on a jury before? _____   How many
     times?_____
     If yes:  State/County Court _____   Federal Court _____
     When? _____
     Was it a civil or criminal case? _____
     Did the jury(ies) reach a verdict? _____
14.  Attached is a list of the parties in this case, the law firms
     representing the parties, attorneys in this case, and persons
     who are potential witnesses in this case.  Do you know, or
     think you know, any of the persons listed?
          Yes:_____          No:_____
     If so, make a check next to their name.
```

Rev. 04/15/09

**United States District Court**
For the Northern District of California

| | |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| 2 | FOR THE |
| 3 | NORTHERN DISTRICT OF CALIFORNIA |

| | | |
|---|---|---|
| 6 | REGGIE PERKINS, | Case Number: CV07-02013 CW |
| 7 | Plaintiff, | **CERTIFICATE OF SERVICE** |
| 8 | v. | |
| 9 | CONTRA COSTA COUNTY et al, | |
| 10 | Defendant. / | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 11, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Asim M. Bhansali
Paven Malhotra M
Keker and Van Nest
710 Sansome Street
San Francisco, CA 94111

Silvano Bruno Marchesi
County Counsel
Bernard Louis Knapp
Monika L. Cooper
County of Contra Costa
651 Pine Street9th Floor
Martinez, CA 94553

Reggie Perkins J-24040
Bldg 17 / Bed 224
California State Prison-Solano
P.O. Box 4000
Vacaville, CA 95696

Timothy J. McDonough
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102

Dated: January 11, 2010

Richard W. Wieking, Clerk
By: Sheilah Cahill, Deputy Clerk