IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGGIE PERKINS, | No. C 07-02013 CW |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO REOPEN DISCOVERY (Docket # 81) |
| v. | |
| CONTRA COSTA COUNTY SHERIFF'S DEPARTMENT J-TEAM, SERGEANT M. MALONE, DEPUTIES K. WESTERMANN, R. ROBERTS and R. FULLER, DETECTIVE J. MOORE, A. GARIBAY and LEIU AGENT G. RENAUD, | |
| Defendants. | |

On January 11, 2009, counsel was appointed to represent Plaintiff Reggie Perkins, a state prisoner, in his civil rights case against Defendants. Plaintiff, through counsel, moves to reopen discovery and to modify the pretrial scheduling order under Federal Rule of Civil Procedure 16(b). Defendants R. Fuller, M. Malone, J. Moore and G. Renaud oppose the motion.[1] Defendants Fuller, Malone and Moore are officers of the Contra Costa County Sheriff's Department and are referred to as County Defendants;

---

[1] In the Court's March 16, 2009 Order Granting in Part Defendants' Motion for Summary Judgment, summary judgment was granted in favor of R. Roberts and K. Westermann on the only claim asserted against them.

Agent Renaud is a Parole Agent for the State of California. The motion was taken under submission and decided on the papers. Having considered all the papers filed by the parties, the Court grants Plaintiff's motion to reopen discovery.

BACKGROUND

This case arises from Plaintiff's arrest on October 14, 2005 during which Defendants allegedly used excessive force. On April 10, 2007, Plaintiff, acting pro se, filed this civil rights complaint. On March 17, 2009, after ruling on Defendants' motion for summary judgment, the Court set a December 14, 2009 trial date and an October 20, 2009 date for the close of discovery. See Docket # 47. At that time, two of the four Defendants had not been served with the complaint; they were served on March 24, 2009. In April, 2009, Plaintiff served a request seeking Defendants' personnel records and his booking photograph. Defendants produced the photograph, but objected to the former request on the ground that the records were confidential. On July 16, 2009, Plaintiff filed a discovery motion seeking production of the personnel records. On August 19, 2009, Defendants opposed the motion. On October 28, 2009, Plaintiff filed a discovery motion for Contra Costa County's use-of-force policies. On January 11, 2010, the Court appointed counsel and denied the discovery motions without prejudice, subject to refiling if counsel deemed it advisable. Also on January 11, 2010, the Court provided new dates for a case management conference, a pretrial conference and jury trial of April 6, 2010, May 11, 2010, and June 6, 2010, respectively. October 20, 2009 remained as the discovery cut-off date.

Plaintiff's counsel and County Defendants' counsel met and conferred about reopening discovery. Defendants had deposed Plaintiff, but Plaintiff had not deposed any Defendant. County Defendants' counsel agreed to allow Plaintiff to take the depositions of each County Defendant and produced some of the documents requested by Plaintiff. Counsel for Defendant Renaud did not agree to Plaintiff's request to depose Renaud or to produce any documents.

Plaintiff anticipates requiring the following discovery, with appropriate follow-up: (1) from Defendants--reports concerning Petitioner's arrest and the search of his home; documents regarding Defendants' training on arrests and use of force; documents concerning complaints against Defendants, investigations of complaints, disciplinary measures or lawsuits; and depositions of each Defendant and their expert; (2) from Contra Costa Sheriff's Office and California Department of Corrections and Rehabilitation--reports of the search of Petitioner's home and arrest, including photographs; reports of Contra Costa County's investigation of Petitioner's citizen complaint; policies concerning arrest, use of force and reporting requirements; reports of complaints against Defendants; and Defendants' training, personnel and evaluation records; (3) from West Coast Detention Facility--documents concerning Petitioner's arrest, medical and health records and photographs of Petitioner; and (4) from United States Marshal's Service--documents relating to Petitioner's arrest and any photographs of Petitioner.

LEGAL STANDARD

Federal Rule of Civil Procedure 16(b) provides that a case management schedule can be modified upon a showing of good cause and by leave of the district judge. The good cause standard primarily considers the diligence of the party seeking the amendment. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). A party moving for an amendment to a scheduling order must therefore show that the scheduling order imposes deadlines that have become unworkable notwithstanding its diligent efforts to comply with the schedule, and that it was diligent in seeking the amendment once it became apparent that extensions were necessary. Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999).

Courts consider the following factors when deciding whether to reopen discovery: (1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court; and (6) the likelihood that the discovery will lead to relevant evidence. United States ex. rel. Schumer v. Hughes Aircraft Co., 63 F.3d 1512, 1526 (9th Cir. 1995), cert. granted in part, 519 U.S. 926, vacated on other grounds, 520 U.S. 939 (1997). The decision to reopen discovery rests in the sound discretion of the court. Id.

DISCUSSION

Defendants argue that Plaintiff has not shown good cause for

4

amending the Court's scheduling order or for reopening discovery. However, when acting pro se, Plaintiff attempted to obtain discovery, but his requests were opposed by Defendants. When counsel was appointed, the Court sua sponte denied his discovery motions without prejudice so that counsel could assess the situation and refile discovery requests, if counsel deemed they were necessary. As soon as counsel was appointed, counsel met and conferred with Defendants regarding discovery and, when these requests were not satisfactorily met, immediately moved to reopen discovery. Therefore, to the best of his ability, Plaintiff has been diligent in attempting to obtain discovery and has shown good cause for an amendment of the scheduling order.

Furthermore, the need for additional discovery was foreseeable. The issue to be tried is excessive force, which, generally, involves disputed facts and divergent views of the same events. Without adequate discovery, Plaintiff would be at an insurmountable disadvantage at trial. Defendants' contention that none of the discovery sought would lead to relevant evidence is unpersuasive. Defendants argue that they would be prejudiced if discovery is reopened. However, if discovery is reopened, Defendants would have to engage in the normal discovery process that would have taken place if, at the start of his case, Plaintiff had not been acting pro se. Although reopening discovery might inconvenience Defendants, it is not prejudicial for all parties to be in possession of the relevant evidence. Although the date of the trial is imminent, if the parties cooperate, all discovery can be completed within the remaining time period.

Therefore, Plaintiff's request to re-open discovery is granted. Defendants reasonably request that discovery of their personnel records be subject to a protective order. The Court encourages the parties first to meet and confer on this issue and consider the sample protective order on the Court's website.

CONCLUSION

For the foregoing reasons, Plaintiff's motion to reopen discovery is granted.

IT IS SO ORDERED.

Dated: February 9, 2010

CLAUDIA WILKEN
United States District Judge