1  SHARON L. ANDERSON (SBN 94814)
   County Counsel
2  MONIKA L. COOPER (SBN 193729)
   Deputy County Counsel
3  COUNTY OF CONTRA COSTA
   651 Pine Street, 9th Floor
4  Martinez, California 94553
   Telephone:  (925) 335-1800
5  Facsimile:   (925) 335-1866
   email: Monika.Cooper@cc.cccounty.us
6
   Attorneys for Defendants
7  M. MALONE, J. MOORE, and R. FULLER

8

9

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12

13  REGGIE PERKINS,                          No. C 07 - 02013 CW (PR)

14              Plaintiff

15  v.                                       STIPULATED PROTECTIVE ORDER

16  CONTRA COSTA COUNTY SHERIFF'S
    DEPARTMENT J-TEAM, SERGEANT
17  M. MALONE, DEPUTIES K.
    WESTERMANN, R. ROBERTS and R.
18  FULLER, DETECTIVE J. MOORE, A.
    GARIBAY and LEIU AGENT G.
19  RENAUD,

20              Defendants.

21

22       Pursuant to the stipulation of the parties, and good cause appearing therefore,

23  IT IS HEREBY ORDERED AS FOLLOWS:

24       1. PURPOSES AND LIMITATIONS

25       Disclosure and discovery activity in this action will involve production of confidential,

26  proprietary, or private information for which special protection from public disclosure and

27  from use for any purpose other than prosecuting this litigation would be warranted.

28  Accordingly, the parties hereby stipulate to and petition the court to enter the following

1   Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket

2   protections on all disclosures or responses to discovery and that the protection it affords

3   extends only to the limited information or items that are entitled under the applicable legal

4   principles to treatment as confidential. The parties further acknowledge, as set forth in Section

5   10, below, that this Stipulated Protective Order creates no entitlement to file confidential

6   information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed

7   and reflects the standards that will be applied when a party seeks permission from the court to

8   file material under seal.

9        2. DEFINITIONS

10       2.1.  Party: any party to this action, including all of its officers, directors,

11  employees, consultants, retained experts, and outside counsel (and their support staff).

12       2.2  Disclosure or Discovery Material: all items or information, regardless of the

13  medium or manner generated, stored, or maintained (including, among other things, testimony,

14  transcripts, or tangible things) that are produced or generated in disclosures or responses to

15  discovery in this matter.

16       2.3  "Confidential" Information or Items: information (regardless of how generated,

17  stored or maintained) or tangible things that qualify for protection under standards developed

18  under F.R.Civ.P. 26(c).

19       2.4  "Highly Confidential – Attorneys' Eyes Only" Information or Items:

20  extremely sensitive "Confidential Information or Items" whose disclosure to another Party or

21  nonparty would create a substantial risk of serious injury that could not be avoided by less

22  restrictive means.

23       2.5   Receiving Party: a Party that receives Disclosure or Discovery Material from a

24  Producing Party.

25       2.6  Producing Party: a Party or non-party that produces Disclosure or Discovery

26  Material in this action.

27  //

28  //

1       2.7  Designating Party: a Party or non-party that designates information or items

2 that it produces in disclosures or in responses to discovery as "Confidential" or "Highly

3 Confidential — Attorneys' Eyes Only."

4       2.8  Protected Material: any Disclosure or Discovery Material that is designated as

5 "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

6       2.9.  Outside Counsel: attorneys who are not employees of a Party but who are

7 retained to represent or advise a Party in this action.

8       2.10  House Counsel: attorneys who are employees of a Party.

9       2.11  Counsel (without qualifier): Outside Counsel and House Counsel (as well as

10 their support staffs).

11       2.12  Expert: a person with specialized knowledge or experience in a matter

12 pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert

13 witness or as a consultant in this action and who is not a past or a current employee of a Party

14 or of a competitor of a Party's and who, at the time of retention, is not anticipated to become

15 an employee of a Party or a competitor of a Party's. This definition includes a professional

16 jury or trial consultant retained in connection with this litigation.

17       2.13  Professional Vendors: persons or entities that provide litigation support

18 services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations;

19 organizing, storing, retrieving data in any form or medium; etc.) and their employees and

20 subcontractors.

21       3. SCOPE

22       The protections conferred by this Stipulation and Order cover not only Protected

23 Material (as defined above), but also any information copied or extracted therefrom, as well as

24 all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or

25 presentations by parties or counsel to or in court or in other settings that might reveal Protected

26 Material.

27 //

28 //

1      4. DURATION

2      Even after the termination of this litigation, the confidentiality obligations imposed by

3 this Order shall remain in effect until a Designating Party agrees otherwise in writing or a

4 court order otherwise directs.

5      5. DESIGNATING PROTECTED MATERIAL

6      5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party

7 or non-party that designates information or items for protection under this Order must take

8 care to limit any such designation to specific material that qualifies under the appropriate

9 standards. A Designating Party must take care to designate for protection only those parts of

10 material, documents, items, or oral or written communications that qualify – so that other

11 portions of the material, documents, items, or communications for which protection is not

12 warranted are not swept unjustifiably within the ambit of this Order.

13      Mass, indiscriminate, or routinized designations are prohibited. Designations that are

14 shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to

15 unnecessarily encumber or retard the case development process, or to impose unnecessary

16 expenses and burdens on other parties), expose the Designating Party to sanctions.

17 If it comes to a Party's or a non-party's attention that information or items that it

18 designated for protection do not qualify for protection at all, or do not qualify for the level of

19 protection initially asserted, that Party or non-party must promptly notify all other parties that

20 it is withdrawing the mistaken designation.

21      5.2   Manner and Timing of Designations. Except as otherwise provided in this Order

22 (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered,

23 material that qualifies for protection under this Order must be clearly so designated before the

24 material is disclosed or produced.

25      Designation in conformity with this Order requires:

26      (a) for information in documentary form (apart from transcripts of depositions

27 or other pretrial or trial proceedings), that the Producing Party affix the legend

28 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the

1  top of each page that contains protected material. If only a portion or portions of the material

2  on a page qualifies for protection, the Producing Party also must clearly identify the protected

3  portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each

4   portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY

5  CONFIDENTIAL – ATTORNEYS' EYES ONLY").

6          A Party or non-party that makes original documents or materials available for

7  inspection need not designate them for protection until after the inspecting Party has indicated

8  which material it would like copied and produced. During the inspection and before the

9  designation, all of the material made available for inspection shall be deemed "HIGHLY

10 CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified

11 the documents it wants copied and produced, the Producing Party must determine which

12 documents, or portions thereof, qualify for protection under this Order, then, before producing

13 the specified documents, the Producing Party must affix the appropriate legend

14 ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the

15 top of each page that contains Protected Material. If only a portion or portions of the material

16 on a page qualifies for protection, the Producing Party also must clearly identify the protected

17 portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each

18 portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY

19 CONFIDENTIAL – ATTORNEYS' EYES ONLY").

20          (b) for testimony given in deposition or in other pretrial or trial proceedings,

21 that the Party or non-party offering or sponsoring the testimony identify on the record, before

22 the close of the deposition, hearing, or other proceeding, all protected testimony, and further

23 specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL –

24 ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of

25 testimony that is entitled to protection, and when it appears that substantial portions of the

26 testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the

27 testimony may invoke on the record (before the deposition or proceeding is concluded) a right

28 to have up to 20 days to identify the specific portions of the testimony as to which protection is

1  sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY

2  CONFIDENTIAL – ATTORNEYS' EYES ONLY").

3        Only those portions of the testimony that are appropriately designated for protection

4  within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

5  Transcript pages containing Protected Material must be separately bound by the court reporter,

6  who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY

7  CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or nonparty

8  offering or sponsoring the witness or presenting the testimony.

9        (c)  for information produced in some form other than documentary, and for

10  any other tangible items, that the Producing Party affix in a prominent place on the exterior of

11  the container or containers in which the information or item is stored the legend

12  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If

13  only portions of the information or item warrant protection, the Producing Party, to the extent

14  practicable, shall identify the protected portions, specifying whether they qualify as

15  "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

16        5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

17  designate qualified information or items as "Confidential" or "Highly Confidential –

18  Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure

19  protection under this Order for such material. If material is appropriately designated as

20  "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was

21  initially produced, the Receiving Party, on timely notification of the designation, must make

22  reasonable efforts to assure that the material is treated in accordance with the provisions of this

23  Order.

24        6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

25        6.1 Timing of Challenges. Unless a prompt challenge to a Designating Party's

26  confidentiality designation is necessary to avoid foreseeable substantial unfairness,

27  unnecessary economic burdens, or a later significant disruption or delay of the litigation, a

28  Party does not waive its right to challenge a confidentiality designation by electing not to

1   mount a challenge promptly after the original designation is disclosed.

2         6.2 Meet and Confer. A Party that elects to initiate a challenge to a Designating

3   Party's confidentiality designation must do so in good faith and must begin the process by

4   conferring directly (in voice to voice dialogue; other forms of communication are not

5   sufficient) with counsel for the Designating Party. In conferring, the challenging Party must

6   explain the basis for its belief that the confidentiality designation was not proper and must give

7   the Designating Party an opportunity to review the designated material, to reconsider the

8   circumstances, and, if no change in designation is offered, to explain the basis for the chosen

9   designation. A challenging Party may proceed to the next stage of the challenge process only if

10  it has engaged in this meet and confer process first.

11        6.3 Judicial Intervention. A Party that elects to press a challenge to a confidentiality

12  designation after considering the justification offered by the Designating Party may file and

13  serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if

14  applicable) that identifies the challenged material and sets forth in detail the basis for the

15  challenge. Each such motion must be accompanied by a competent declaration that affirms that

16  the movant has complied with the meet and confer requirements imposed in the preceding

17  paragraph and that sets forth with specificity the justification for the confidentiality

18  designation that was given by the Designating Party in the meet and confer dialogue.

19        The burden of persuasion in any such challenge proceeding shall be on the Designating

20  Party. Until the court rules on the challenge, all parties shall continue to afford the material in

21  question the level of protection to which it is entitled under the Producing Party's designation.

22        7. ACCESS TO AND USE OF PROTECTED MATERIAL

23        7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed

24  or produced by another Party or by a non-party in connection with this case only for

25  prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be

26  disclosed only to the categories of persons and under the conditions described in this Order.

27  When the litigation has been terminated, a Receiving Party must comply with the provisions of

28  section 11, below (FINAL DISPOSITION).

1    Protected Material must be stored and maintained by a Receiving Party at a location

2  and in a secure manner that ensures that access is limited to the persons authorized under this

3  Order.

4    7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise

5  ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

6  disclose any information or item designated CONFIDENTIAL only to:

7    (a) the Receiving Party's Outside Counsel of record in this action, as well as employees

8  of said Counsel to whom it is reasonably necessary to disclose the information for this

9  litigation and who have signed the "Agreement to Be Bound by Protective Order" that is

10  attached hereto as Exhibit A;

11    (b) the officers, directors, and employees (including House Counsel) of the

12  Receiving Party to whom disclosure is reasonably necessary for this litigation and who have

13  signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

14    (c) experts (as defined in this Order) of the Receiving Party to whom

15  disclosure is reasonably necessary for this litigation and who have signed the "Agreement to

16  Be Bound by Protective Order" (Exhibit A);

17    (d) the Court and its personnel;

18    (e) court reporters, their staffs, and professional vendors to whom disclosure is

19  reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

20  Protective Order" (Exhibit A);

21    (f) during their depositions, witnesses in the action to whom disclosure is

22  reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"

23  (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal

24  Protected Material must be separately bound by the court reporter and may not be disclosed to

25  anyone except as permitted under this Stipulated Protective Order.

26    (g) the author of the document or the original source of the information.

27    7.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

28  Information or Items. Unless otherwise ordered by the court or permitted in writing by the

1  Designating Party, a Receiving Party may disclose any information or item designated

2  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

3      (a) the Receiving Party's Outside Counsel of record in this action, as well as

4  employees of said Counsel to whom it is reasonably necessary to disclose the information for

5  this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is

6  attached hereto as Exhibit A;

7      (b) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary

8  for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order"

9  (Exhibit A);

10     (c) the Court and its personnel;

11     (d) court reporters, their staffs, and professional vendors to whom disclosure is

12 reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

13 Protective Order" (Exhibit A); and

14     (e) the author of the document or the original source of the information.

15     8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

16 OTHER LITIGATION.

17     If a Receiving Party is served with a subpoena or an order issued in other litigation

18 that would compel disclosure of any information or items designated in this action as

19 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the

20 Receiving Party must so notify the Designating Party, in writing (by fax, if possible)

21 immediately and in no event more than three court days after receiving the subpoena or order.

22 Such notification must include a copy of the subpoena or court order.

23     The Receiving Party also must immediately inform in writing the Party who caused the

24 subpoena or order to issue in the other litigation that some or all the material covered by the

25 subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must

26 deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that

27 caused the subpoena or order to issue.

28

1    The purpose of imposing these duties is to alert the interested parties to the existence

2  of this Protective Order and to afford the Designating Party in this case an opportunity to try to

3  protect its confidentiality interests in the court from which the subpoena or order issued. The

4  Designating Party shall bear the burdens and the expenses of seeking protection in that court of

5  its confidential material – and nothing in these provisions should be construed as authorizing

6  or encouraging a Receiving Party in this action to disobey a lawful directive from another

7  court.

8    9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

9    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

10  Material to any person or in any circumstance not authorized under this Stipulated Protective

11  Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

12  unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material,

13  (c) inform the person or persons to whom unauthorized disclosures were made of all the terms

14  of this Order, and (d) request such person or persons to execute the "Acknowledgment and

15  Agreement to Be Bound" that is attached hereto as Exhibit A.

16    10. FILING PROTECTED MATERIAL. Without written permission from the

17  Designating Party or a court order secured after appropriate notice to all interested persons, a

18  Party may not file in the public record in this action any Protected Material. A Party that seeks

19  to file under seal any Protected Material must comply with Civil Local Rule 79-5.

20    11. FINAL DISPOSITION. Unless otherwise ordered or agreed in writing by the

21  Producing Party, within sixty days after the final termination of this action, each Receiving

22  Party must return all Protected Material to the Producing Party. As used in this subdivision,

23  "all Protected Material" includes all copies, abstracts, compilations, summaries or any other

24  form of reproducing or capturing any of the Protected Material. With permission in writing

25  from the Designating Party, the Receiving Party may destroy some or all of the Protected

26  Material instead of returning it. Whether the Protected Material is returned or destroyed, the

27  Receiving Party must submit a written certification to the Producing Party (and, if not the same

28  person or entity, to the Designating Party) by the sixty day deadline that identifies (by

1  category, where appropriate) all the Protected Material that was returned or destroyed and that

2  affirms that the Receiving Party has not retained any copies, abstracts, compilations,

3  summaries or other forms of reproducing or capturing any of the Protected Material.

4  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all

5  pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work

6  product, even if such materials contain Protected Material. Any such archival copies that

7  contain or constitute Protected Material remain subject to this Protective Order as set forth in

8  Section 4 (DURATION), above.

9  12. MISCELLANEOUS

10  12.1 Right to Further Relief. Nothing in this Order abridges the right of any person

11  to seek its modification by the Court in the future.

12  12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective

13  Order no Party waives any right it otherwise would have to object to disclosing or producing

14  any information or item on any ground not addressed in this Stipulated Protective Order.

15  Similarly, no Party waives any right to object on any ground to use in evidence of any of the

16  material covered by this Protective Order.

17  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

18  DATED: _____                    SHARON B. ANDERSON
19                                             COUNTY COUNSEL

20

21  By:_____
                MONIKA L. COOPER
22              Deputy County Counsel
                Attorneys for Defendants
23              M. MALONE, J. MOORE, and R.
                FULLER

24  DATED: _____                    KEKER & VAN NEST
25

26

27  By:_____
                PAVEN MALHOTRA
                Attorneys for plaintiff
28              REGGIE PERKINS

1

DATED: _____

2

EDMUND G. BROWN, JR.
ATTORNEY GENERAL

3

4

By:_____
    TIMOTHY McDONOUGH
    Deputy Attorney General
    Attorney For Defendant G. RENAUD

5

6

7

PURSUANT TO STIPULATION, IT IS SO ORDERED.

8

9

DATED: _3/3/10

10

_____
CLAUDIA WILKEN
United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____

[print or type full address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States District Court

for the Northern District of California on [date] in the case of *Reggie Perkins v. Contra Costa*

*County Sheriff's Department J-Team, et al.,* United States District Court No. C 07 - 02013 CW (PR)**,**

agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I

understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose in any

manner any information or item that is subject to this Stipulated Protective Order to any person

or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone

number] as my California agent for service of process in connection with this action or any

proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                         [printed name]

Signature: _____
                     [signature]